UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BRENDA TESTER, | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-00145-DCLC-CRW |
| | ) |
| v. | ) |
| | ) |
| BALLAD HEALTH, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has objected to two orders of the magistrate judge. The first relate to the magistrate judge's order permitting a party to adopt a co-Defendant's motion. On December 12, 2024, Defendant Victoria Shankle moved to dismiss for lack of subject matter jurisdiction [Doc. 46]. On February 3, 2025, Defendant Joseph R. Lee moved to adopt Defendant Shankle's motion to dismiss [Doc. 64]. The magistrate judge granted Defendant Lee's motion to adopt [Doc. 70, *Order*]. Plaintiff has objected to this Order that permitted Defendant Lee to adopt Defendant Shankle's motion to dismiss.

The second objection pertains the magistrate judge's order to strike Plaintiff's Second Amended Complaint ("SAC"). On February 3, 2025, Defendants jointly moved to strike Plaintiff's Second Amended Complaint ("SAC") [Doc. 65]. The magistrate judge granted the motion because Plaintiff had not followed the rules governing the filing of amended complaints where one had already been filed. Fed.R.Civ.P. 15(a)(2) provides that a party may amend its pleading *after it has already done so* "only with the opposing party's written consent or the court's leave." Plaintiff had amended her pleading once so to amend it again under Rule 15(a)(2) she had

1

to obtain opposing party's written consent or the court's leave. She did neither. Thus, the magistrate judge granted Defendants' motion to strike Plaintiff's improperly filed SAC [Doc. 71]. Plaintiff objects to that order as well. These two objections are now before the Court.

I. **LEGAL STANDARD**

The magistrate judge has the authority to hear and determine non-dispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A); *see also Massey v. City of Ferndale*, 7 F.3d 506, 508 (identifying non-dispositive and dispositive matters). "When a magistrate judge *determines* a non-excepted, pending pretrial matter, the district court has the authority to reconsider the determination, but under a limited standard of review." *Id.* at 509. (emphasis in original) (internal quotations omitted). "Under this standard, the magistrate judge's determination may be overturned by the district court only if it is 'clearly erroneous or contrary to law.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(A)).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (internal quotations and citations omitted). And a conclusion or order is "contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations and quotations omitted). "If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error." *Key v. City of Detroit*, 734 F. Supp. 3d 661, 663 (E.D. Mich. 2024).

II.   ANALYSIS

  A.   **Plaintiff's Objection to Order permitting Co-Defendant to Adopt Motion to Dismiss [Doc. 74]**

Plaintiffs object to the magistrate judge's order permitting Defendant Joseph Lee to adopt Defendant Victoria Shankle's motion to dismiss [Doc. 70]. The order provides that Plaintiff should respond as though the motion had been filed by both parties. Plaintiff claims the magistrate judge addressed dispositive matters. She is incorrect. The magistrate judge's order merely allowed one defendant to adopt the arguments of another. This adoption occurred before Plaintiff made any response to the motion, so Plaintiff has not been prejudiced whatsoever. The order was no more than a routine, logistical one.

In any event, Plaintiff did not identify what law or rule of procedure the magistrate judge erroneously applied. She did not identify any finding that was clearly erroneous. And Plaintiff points to no authority suggesting that the magistrate judge erred when she allowed one defendant to adopt the arguments of another.

Having reviewed Plaintiff's objections and the Order of the magistrate judge, the Court is satisfied that the Order was neither clearly erroneous nor contrary to law. Plaintiff's objection to the magistrate judge's order [Doc. 70] is **OVERRULED.**

  B.   **Objection to the magistrate judge's order striking her Amended Complaint**

Plaintiff argues the magistrate judge erred when she ruled that Plaintiff could not file a Second Amended Complaint as a matter of course. [Doc. 74, ¶¶ 2–8]. Plaintiff filed her initial Complaint on August 12, 2024 [Doc. 1]. On November 12, 2024, the parties jointly moved to permit Plaintiff to file her First Amended Complaint (FAC) by November 15, 2024 [Doc. 27, pg. 2]. The magistrate judge granted the motion [Doc. 29]. On November 15, 2024, Plaintiff filed her FAC [Doc. 32]. On December 16, 2024, Defendant Ballad Health moved to dismiss [Doc. 38].

3

On that same date, Defendant Tennessee Department of Health and Dr. Ralph Alvarado also moved to dismiss the Amended Complaint [Doc. 41]. On December 23, 2024, Defendant Victoria Shankle moved to dismiss for lack of jurisdiction [Doc. 46].

On January 27, 2025, Plaintiff filed a Second Amended Complaint (SAC) [Doc. 60]. Unlike how Plaintiff proceeded in filing her FAC, she neither obtained Defendant's consent nor that of the Court to file her SAC. In response, Defendants moved to strike Plaintiff's SAC [Doc. 65]. The magistrate judge granted that motion and struck the SAC [Doc. 71]. Plaintiff timely objected. [Doc. 74].

Fed.R.Civ.P. 15 allows a party to amend its pleading only *once as a matter of course*. Fed. R. Civ. P. 15(a)(1) (emphasis added); *see also United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) ("We hold, without serious question, that a plaintiff may amend a complaint only once as a matter of course under Rule 15(a)(1)."). "Afterward, a party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires." *Heard v. SBC Ameritech Corp.*, 205 F. App'x 355, 357 (6th Cir. 2006)(citing Fed.R.Civ.P. 15(a))(quotations omitted).

Plaintiff's SAC was not filed in accordance with Rule 15. Fed.R.Civ.Pro. 15(a)(1)(A) authorizes a party to amend its pleading 21 days after serving it. Her FAC was filed November 15, 2024. Her SAC was filed on January 27, 2025 – longer than 21 days after accomplishing service. Thus, her SAC was not filed in accordance with Rule 15(a)(1)(A). Fed.R.Civ.Pro. 15(a)(1)(B) authorizes a party to amend her pleading within "21 days after service of a motion under Rule 12(b)…." Defendants filed a Rule 12(b) motion on December 16, 2024. Plaintiff waited 42 days before she filed her SAC, well outside the 21-day limit. And, when she filed her SAC, she had neither Defendants' consent nor leave of court. Thus, her SAC is improper and

4

untimely because she filed it too late to amend as a matter of course.  The magistrate judge was correct in striking it.

Nor is the Court persuaded by Plaintiff's argument that "Fed. R. Civ. P. 12 [and] 15 are devoid of any language that would provide due process notice as to whether or not an extension resets the clock and allows for an Amended Complaint to be filed as of right." [Doc. 74, ¶ 2]. Plaintiff argues that the extension of time to respond to a motion to dismiss she received somehow makes the provisions of Rule 15 unclear.  Not so.  Nothing in either Rule 15, nor Rule 12, affords a party another free amendment upon receiving an extension of time to respond.  The two are unrelated.  In any event, extending the time Plaintiff could respond to Defendants' motion to dismiss did not extend the time in which she could amend his complaint as a matter of course.  *See McBride v. Performance Food Grp., Inc.*, No. 21-12424, 2022 WL 2328665, at *3 (E.D. Mich. June 28, 2022)(finding that an extension to respond to a motion to dismiss "did not also extend his deadline to amend his complaint.").

Finally, Plaintiff asks the Court to "allow the Plaintiff to move for leave on the amended complaint" if the Court rejects her argument on whether she had another amendment as a matter of course. [*Id.* ¶ 3].  If this is a motion for leave to amend, it is not procedurally proper before the Court.  *See* Local Rule 7.1.  The Court declines to address it in this posture.

IV.     CONCLUSION

Having reviewed Plaintiff's objections and the Order of the magistrate judge, the Court is satisfied that the Order was neither clearly erroneous nor contrary to law.  Plaintiff's objection to the magistrate judge's order [Doc. 71] is **OVERRULED.**

SO ORDERED:

s/ Clifton L. Corker
United States District Judge
